**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

RONALD ANDREW McCLURE,                                        PETITIONER
ADC #103505

v.                                    5:14CV00179-KGB-JJV

RAY HOBBS, Director                                        RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker.   Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

## I.      BACKGROUND

On October 9, 2001, in Pulaski County Circuit Court, Petitioner, Ronald Andrew McClure, entered a negotiated plea of guilty to first-degree murder.  (Doc. Nos. 1 and 11. )  Two days later, Mr. McClure, represented by Tim Blair and Courtney Chaney, was sentenced as a habitual offender to 540 months' imprisonment in the Arkansas Department of Correction. (Doc. No. 1.)

On November 29, 2010, over nine years after his judgment was final, Mr. McClure filed a motion in Pulaski County Circuit Court for a writ of error coram nobis.  (Doc. No. 11-3.)  In it, Mr. McClure alleged that because of trial counsels' failure to investigate and failure to properly advise him of the plea bargain and its effects, he was coerced into entering his guilty plea.  The trial judge denied his motion in an order entered May 10, 2011.  (Doc. No.  11-4.)  Mr. McClure appealed the decision, and the Arkansas Supreme Court affirmed the circuit court on September 5, 2013. *McClure v. State,* 2013 Ark. 306.  The Supreme Court of Arkansas found the circuit court did not abuse its discretion in denying the writ on the grounds that Mr. McClure did not act with due diligence in filing the petition nine years after judgment was entered and that Mr. McClure failed to prove the existence of some extrinsic fact not known at trial that would have prevented entry of the judgment.  *Id*.

In the instant Petition filed March 6, 2014, Mr. McClure makes the following four claims: (1) he was coerced into entering a plea of guilt; (2) his trial counsel was ineffective; (3) he was denied the trial counsel of his choice; and (4) the prosecutor threatened him with a life sentence if he did not take the plea agreement.  (Doc. Nos. 1 and 1-1).[1]

## II.   ANALYSIS

### A.   Statute of Limitations

Respondent argues that Mr. McClure's Petition is barred by the statute of limitations.  (Doc. No. 11 at 2.)  Title 28 U.S.C. §§ 2244 (d)(1) and (d)(2) impose a one-year period of limitation on petitions for writ of habeas corpus:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1)-(d)(2).

---

[1]Mr. McClure originally filed his Petition in the Western District of Arkansas. (Doc. No. 1.) On May 5, 2014, it was transferred to the Eastern District of Arkansas because all of the actions Mr. McClure complained about in his Petition occurred during his criminal trial in Little Rock, which is located in the Eastern District of Arkansas.  (Doc. No. 4.)

After carefully reviewing the record, the Court finds the Petition is untimely.  The one-year limitations period began to run on the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  By pleading guilty, Mr. McClure waived his right to a direct appeal under Arkansas law.  *See* Ark. R. App. P-Crim. 1(a)(2012).

Mr. McClure's conviction was final on October 11, 2001, the  date his Judgment and Commitment Order was entered of record.  (Doc. No. 11-1.)  The one-year statute of limitations began to run on that date.  *See* Fed. R. Civ. P. 6(a)(1)(C)(2013).  His federal habeas petition was due by Friday, October 11, 2002.

Pursuant to  28 U.S.C. § 2244(d)(2), the time during which applications for State post-conviction or other collateral review are pending is not counted toward the period of limitation as long as they are properly filed.  Mr. McClure filed nothing until November 29, 2010, when he filed his motion for writ of error coram nobis - nine years after his judgment was entered.  "A 'properly filed' application is one that meets all the state's procedural requirements." *Beery v. Ault,* 312 F. 3d 948, 950-51 (8th Cir. 2002).  Mr. McClure was not diligent in filing his post-conviction motion and as such, it was not properly filed under 28 U.S.C. § 2244(d)(2).  Therefore, no time was tolled.

Further, no statutory tolling is available because Mr. McClure's writ was filed after the federal habeas petition was due on October 11, 2002. The statute of limitations clock may not be tolled after it has already expired.  *Jackson v. Ault*, 452 F.3d 734, 735-36 (8th Cir. 2006).

Mr. McClure also does not assert a proper basis for equitable tolling.  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005). The length of time between Mr. McClure's judgment and

the filing of his federal habeas claim indicate that he was not pursuing his rights diligently, and he fails to demonstrate otherwise.  (Doc. No. 11.)  The over eleven-year delay in filing his federal habeas claim shows Mr. McClure was not pursuing his rights diligently. (Doc. No. 1.) Furthermore, the absence of legal counsel is simply not an extraordinary circumstance that would entitle Mr. McClure to equitable tolling. Therefore, this matter should be dismissed as time barred.

### B.     Procedural Default

Respondent additionally argues that the Petition is procedurally defaulted.  (Doc. No. 11 at 3.)  The Court agrees.

Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *See* 28 U.S.C. § 2254(b) (stating a state prisoner must exhaust available state court remedies before raising a claim in a federal habeas corpus proceeding).  This requirement is in place to afford the state the opportunity to correct any constitutional errors before the federal courts intervene.  *Lenza v. Wyrick*, 665 F.2d 804, 807-8 (8th Cir. 1981); *Picard v. Connor*, 404 U.S. 270, 275 (1971) ("We have consistently adhered to this federal policy for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.") (citations omitted).

 Mr. McClure was required to first present his claims to the Arkansas courts "as required by state procedure," in a petition under Rule 37.  *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977); see also, e.g., *Carrier v. State*, 278 Ark. 542, 543, 647 S.W.2d 449, 450 (1983) ("The proper remedy to challenge the adequacy of an attorney's representation is a petition for postconviction relief under [Arkansas Rules of Criminal Procedure, Rule 37].") The failure to file a timely Rule 37 petition in the Arkansas state courts results in a procedural default when a federal habeas petitioner attempts

to raise the claim in his § 2254 petition.  *See Walker v. Lockhart,* 852 F.2d 379, 381 (8th Cir. 1988), *cert. denied*, 489 U.S. 1088 (1989).  Mr. McClure's failure to do so makes his claims procedurally defaulted.

As the Respondent correctly asserts, to the extent that Mr. McClure raised proper claims for a writ of error coram nobis in state court, a federal court cannot review them unless they were raised during his plea or in a timely filed post-conviction petition.  As a prerequisite to reaching the merits of a federal habeas petition, a federal court "must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court."  *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997).  In order to satisfy the requirement that he fairly present his habeas claims in state court, a petitioner must have "refer[red] to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts."  *Carney v. Fabian*, 48 F.3d 1094, 1096 (8th Cir. 2007) (quoting *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997)).

Mr. McClure did not do so. He waited nine years to request the issuance of the writ asserting claims that were known to him at the time of trial. The Arkansas Supreme Court found that Mr. McClure failed to assert a ground sufficient to support issuance of the writ and that even if he had, he was not diligent in bringing the claims. *McClure v. State* 2013 Ark. 306.

Where procedural default has occurred, federal habeas review is permitted only if the petitioner can demonstrate (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claims will result in a fundamental miscarriage of justice, that is, that a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent.  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Mr. McClure fails to show any cause and prejudice, and thus, his Petition is procedurally

barred.

After a thorough review, the Court concludes that Mr. McClure's claims are time barred and procedurally defaulted.  Accordingly, his Petition for Writ of Habeas Corpus is denied.

## III.    CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue  a certificate of appealability:  "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted."  *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).  In this case, the Petition is clearly time barred and procedurally defaulted.  Accordingly, no certificate of appealability will issue.

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      The Petition for Writ of Habeas Corpus (Doc. No.1) be DISMISSED.

2.      A certificate of appealability should not be issued.

DATED this 21st day of July, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE