IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**RONALD ANDREW MCCLURE**                                                                    **PETITIONER**
**ADC #103505**

v.                              Case No. 5:14-cv-00179-KGB-JJV

**RAY HOBBS, Director,**
**Arkansas Department of Correction**                                                  **RESPONDENT**

## ORDER

The Court has reviewed the Proposed Findings and Recommendations ("Recommendations") submitted by United States Magistrate Judge Joe J. Volpe (Dkt. No. 12), as well as petitioner Ronald Andrew McClure's objections (Dkt. No. 15). After carefully considering the objections and making a *de novo* review of the record in this case, the Court concludes that, to the extent that the Recommendations are inconsistent with Mr. McClure's representations regarding the procedural history of his case, apparently presented for the first time in his objections, the Court declines to adopt the Recommendations. However, even when assuming the truth of Mr. McClure's representations regarding the procedural history of his case, the Court approves and adopts the Recommendations's legal conclusions and recommended disposition.

The Court writes separately to address Mr. McClure's objections to the Recommendations's finding that no time was or should be tolled. Mr. McClure argues that he filed "a string of motions and petitions" after his Judgment and Commitment Order was entered on October 11, 2001 (Dkt. No. 15, at 1). Particularly, Mr. McClure claims that he filed an Arkansas Rule of Criminal Procedure 37 petition on January 15, 2002 (*Id.* at 30). Based on the record before this Court, it appears that, on March 5, 2002, the Pulaski County Circuit Court

denied Mr. McClure's Rule 37 petition because it was not filed within the 90-day deadline for filing such petitions (*Id.* at 40). *See* Ark. R. Crim. P. 37.2(c). Although the Pulaski County Circuit Court stated that Mr. McClure filed his Rule 37 petition on February 19, 2002, his petition was untimely whether filed on January 15, 2002, or February 19, 2002, as the 90-day deadline expired on January 9, 2002.

Mr. McClure also claims that, on June 22, 2002, he attempted to file an appeal of the Pulaski County Circuit Court's denial of his Rule 37 petition (Dkt. No. 15, at 43-44), but that, on November 10, 2004, the Circuit Clerk responded to Mr. McClure's inquiry about his appeal by stating that no appeal had been filed (*Id.* at 46-47). Regardless, it appears that Mr. McClure's appeal would have been untimely. *See* Ark. R. App. P. 2(a).

Mr. McClure next contends that he filed or attempted to file a "declaratory judgment petition for breach of contract" in 2007 and a 42 U.S.C. § 1983 action on January 23, 2008, before filing the writ of *error coram nobis* on November 29, 2010, which is discussed in the Recommendations (Dkt. No. 15, at 5).

To the extent that the Recommendations are inconsistent with Mr. McClure's representations regarding the procedural history of his case, apparently presented for the first time in his objections, the Court declines to adopt the Recommendations. However, even when assuming the truth of Mr. McClure's representations regarding the procedural history of his case, the Court approves and adopts the Recommendations's legal conclusions and recommended disposition. Pursuant to 28 U.S.C. § 2244(d)(2), the time during which applications for state post-conviction or other collateral review are pending is not counted toward the period of limitation as long as they are properly filed. Giving Mr. McClure the benefit of the doubt and assuming that his Rule 37 petition was under review until November 10, 2004—the day that the

Pulaski County Circuit Court Clerk informed him that no appeal had been filed—the one-year statute of limitation began to run on that date. His federal habeas petition would have been due on November 10, 2005, but it still was not filed until March 6, 2014. Although Mr. McClure also claims that he filed or attempted to file other actions that ultimately sought post-conviction relief, the earliest of these actions was not filed until 2007, and the statute of limitation clock may not be tolled after it has already expired. *See Jackson v. Ault*, 452 F.3d 734, 735-36 (8th Cir. 2006); *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001).

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Courts, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which Mr. McClure has made a substantial showing of a denial of a constitutional right. Thus, the certificate of appealability is denied.

It is therefore ordered that Mr. McClure's petition is dismissed with prejudice (Dkt. No. 1). The requested relief is denied.

IT IS SO ORDERED THIS the 10th day of December, 2014.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE